# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

ANTONIO GONZALEZ JIMENEZ
    Debtor(s).

Case No.: 3:24-bk-1636-BAJ
2Chapter 7

CARL LIBRIZZI
        PLAINTIFF(s)

  v.

Adv. No. 3:24-ap-00091-BAJ

ANTONIO GONZALEZ JIMENEZ

    Defendant(s)

_____/

## MOTION TO DISMISS
## AMENDED ADVERSARY COMPLAINT

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 N. Hogan St., Suite 3-150, Jacksonville, FL 32202 within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you

have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

COMES NOW, the Defendant, Antonio Gonzalez Jimenez, Pro Se, pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, and moves this Court to dismiss the Amended Adversary Complaint (Doc. No. 11) filed by Plaintiff Carl Librizzi. In support of this motion, the Defendant asserts the following:

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Plaintiff's Amended Adversary Complaint fails to state a claim upon which relief can be granted under 11 U.S.C. § 523(a)(4), which governs exceptions to discharge for fraud or defalcation while acting in a fiduciary capacity. Plaintiff's allegations focus on claims of legal malpractice, which fall short of the legal standard for defalcation under federal bankruptcy law. Accordingly, the Amended Complaint must be dismissed for the following reasons:

1.    **Failure to Adequately Allege a Fiduciary Relationship**: Plaintiff has not alleged sufficient facts to demonstrate that Defendant acted in a fiduciary capacity as required under § 523(a)(4).

2.    **Failure to Allege Defalcation with the Requisite Specificity and Intent**: The Plaintiff's claims of legal malpractice do not satisfy the standard for

defalcation, which requires a higher level of culpability, such as gross recklessness or intent.

3. **Failure to State a Claim for Nondischargeability**: The Plaintiff fails to provide a sufficient legal basis for denying discharge under § 523(a)(4).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. To survive a motion to dismiss, a plaintiff must plead enough factual content to allow the court to reasonably infer that the Defendant is liable for the misconduct alleged (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Merely alleging legal conclusions or presenting threadbare recitations of a cause of action will not suffice (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, a motion to dismiss pursuant to Rule 12(b)(6) should be granted if the complaint does not contain sufficient factual allegations to plausibly suggest a claim for relief.

## ARGUMENTS

## I. PLAINTIFF FAILS TO ADEQUATELY ALLEGE A FIDUCIARY RELATIONSHIP UNDER 11 U.S.C. § 523(a)(4)

In order to prevail under § 523(a)(4), the Plaintiff must establish the existence of a fiduciary relationship between the parties. Under federal law, only

specific types of fiduciary relationships qualify under § 523(a)(4), such as express or technical trusts (*In re Moreno*, 892 F.2d 417, 421 (5th Cir. 1990)). An attorney-client relationship alone is insufficient to establish the type of fiduciary capacity required under bankruptcy law.

The Plaintiff fails to plead any facts showing the existence of an express or technical trust, which is required under federal law for a finding of a fiduciary relationship within the meaning of § 523(a)(4). Instead, Plaintiff merely alleges that Defendant was his attorney in a state court dissolution action, which is insufficient to satisfy the requirements of §523(a)(4). The reliance on *In Re Gelman*, 47 B.R. 735 (Bankr. S.D. Fla. 1985), which involved different facts, does not meet the specific requirements of federal law governing fiduciary relationships in the context of defalcation claims under bankruptcy law.

## II. MALPRACTICE DOES NOT CONSTITUTE DEFALCATION UNDER 11 U.S.C. § 523(a)(4)

Plaintiff's allegations of legal malpractice are insufficient to rise to the level of defalcation. The Supreme Court clarified in *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013) that defalcation requires conduct involving either knowledge of wrongdoing or gross recklessness in the handling of a fiduciary responsibility. Plaintiff's Amended Complaint fails to allege the requisite state of mind—

knowledge of wrongdoing or gross recklessness—necessary to establish

defalcation under § 523(a)(4), as the Supreme Court in *Bullock* set forth.

In *Bullock*, 569 U.S. at 273, the Court held that defalcation requires more than

negligence; it requires a culpable state of mind involving actual knowledge of

wrongdoing or a gross recklessness that reflects a conscious disregard of a known

risk.

### Failure to Allege Defalcation with Requisite Specificity and Intent

Plaintiff's allegations do not meet the standard for defalcation under 11

U.S.C. § 523(a)(4) as clarified by the Supreme Court in *Bullock v.*

*BankChampaign, N.A.*, 569 U.S. 267 (2013). In *Bullock*, 569 U.S. at 273, the Court

held that defalcation requires a culpable state of mind involving knowledge of

wrongdoing or, at the very least, gross recklessness. Specifically, defalcation

occurs when a fiduciary consciously disregards a substantial and unjustifiable risk

that their conduct will violate a fiduciary duty.

Here, Plaintiff's assertions regarding actions taken during legal representation do

not meet the heightened threshold of intentional wrongdoing or gross recklessness

required for defalcation under § 523(a)(4). The Plaintiff has not presented facts

indicating any knowing breach of fiduciary duty or conduct that meets the required

level of intent for defalcation.

As *Bullock* emphasizes, defalcation demands more than simple errors or mistakes; it requires a culpable state of mind akin to that required for fraud or embezzlement. The Plaintiff's allegations fall short of this threshold. As a result, the Amended Complaint fails to state a claim for defalcation, and the Plaintiff's nondischargeable claim under § 523(a)(4) must be dismissed.

Here, Plaintiff's assertions regarding actions taken during legal representation do not meet the heightened threshold of intentional wrongdoing or gross recklessness required for defalcation under § 523(a)(4). The Plaintiff has not presented facts that would indicate any knowing breach of fiduciary duty or conduct that meets the required level of intent for defalcation.

As *Bullock* emphasizes, defalcation demands more than simple errors or mistakes; it requires a culpable state of mind akin to that required for fraud or embezzlement. The Plaintiff's allegations fall short of this threshold. As a result, the Amended Complaint fails to state a claim for defalcation, and the Plaintiff's nondischargeable claim under § 523(a)(4) must be dismissed.

## III. FAILURE TO STATE A CLAIM FOR NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)

In order to deny discharge under § 523(a)(4), Plaintiff must allege both a

fiduciary relationship and a defalcation while acting in that capacity. As discussed above, Plaintiff has failed to meet either requirement. Plaintiff's allegations fail to rise to the level of defalcation as required by § 523(a)(4), as they do not show the necessary fiduciary capacity or the requisite culpable state of mind.

## CONCLUSION

For these reasons, Defendant requests that this Court dismiss the Plaintiff's Amended Adversary Complaint in its entirety, with prejudice, as further amendments would be futile and award the Defendant such other and further relief as the Court deems just and proper.

## PROOF OF SERVICE

A true and correct copy of the foregoing has been sent by U.S. Mail on October 23, 2024, to:

Brantley Oakey, Esq.
Attorney for the Plaintiff
780 5th Ave. South
Naples, FL 34102

Respectfully Submitted,

Antonio G. Jimenez, Esq.
Pro Se Defendant
PO Box 1879
Cleveland, GA 30528

7

**U.S. POSTAGE PAID**
PM
CLEVELAND, GA 30528
OCT 23, 2024




32202

**$10.45**

RDC 03   0 Lb 2.60 Oz   S2324P501716-17



**Retail**

# UNITED STATES
# POSTAL SERVICE®

# PRIORITY
# MAIL

ed delivery date specified for domestic use.

tic shipments include $100 of insurance (restrictions apply).*

Tracking® service included for domestic and many international destinations.

international insurance.**

ised internationally, a customs declaration form is required.

does not cover certain items. For details regarding claims exclusions see the
ail Manual at *http://pe.usps.com*.

ational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**PRIORITY**
**★ MAIL ★**

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE®

FROM: Antonio Jimenez
Po Box 1879
Cleveland, GA 30528

TO: Clerk of Court
US Bankruptcy Court
300 N Hogan St
Jacksonville, FL 32202

# RATE ENVELOPE

E ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## CKED ■ INSURED



600001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2



PAPER
POUCH

EXPECTED DELIVERY DAY: 10/26/24

**USPS TRACKING® #**





9505 5105 8296 4297 9595 70

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law.