UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN RE: ANTONIO GONZALEZ JIMENEZ, DEBTOR

CARL LIBRIZZI,
    Plaintiff.                                             Case No. 24-bk-1636
Vs.                                                                  Adv. No. 3:24-ap-00091

ANTONIO JIMENEZ
    Debtor.
_____/

## RESPONSE TO MOTION TO DISMISS

COMES NOW CARL LIBRIZZI, a creditor, by and through the undersigned attorney, and responds to the Defendant's Motion to Dismiss, stating as follows:

## LEGAL STANDARD FOR DISMISSAL

The plaintiff is required to plead a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The pleading standard "does not require detailed factual allegations, but it demands more than unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Additionally, a complaint must contain sufficient factual content that when accepted as true reflects a plausible claim for relief. *Iqbal*, at 667. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

*Fed. R. Bankr. P*. 7012 applies Fed. R. Civ. P. 12 to adversary proceedings. A motion under Rule 12(b)(6) tests the legal sufficiency of a complaint, *See, e.g., Holloway v. Bizzaro*, 571 F. Supp. 2d 1270, 1272 (S.D. Fla. 2008). When considering such a motion, the Court must

generally limit its inquiry to the four corners of the complaint and accept all factual allegations as true. *See St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

The Defendant makes a bare-bones claim that the Plaintiff has failed to state a cause of action for defalcation by failing to plead a fiduciary relationship and failure to plead culpable state of mind. (MTD, pgs. 2-3). As will be shown, the Defendant's argument is unsupported and based on misrepresentations of the Plaintiff's pleading.

## **FIDUCIARY RELATIONSHIP**

The Defendant claims the Amended Complaint fails to allege a fiduciary relationship. The crux of the Defendant's argument is that to allege a fiduciary relationship, one must allege more than an attorney-client relationship. Rather, one must allege a technical trust. The Defendant offers no case law to support his claim. The Defendant then argues "the Plaintiff merely alleges that Defendant was his attorney in a state court dissolution action." (MTD, pg. 4, para. 2). The Defendant's allegations are inaccurate, as will now be shown.

The 11th Circuit has not explicitly ruled whether or not an attorney is per se a fiduciary in the context of defalcation claims. The Second and Seventh Circuits hold that the attorney-client relationship is a fiduciary relationship for purposes of a defalcation claim. *The Andy Warhol Foundation for Visual Arts, Inc. v. Hayes (In re Hayes)*, 183 F.3d 162, 168 (2d Cir. 1999); *see also In re Marchiando*, 13 F.3d 1111, 1115 (7th Cir. 1994) ("[A] lawyer is deemed the fiduciary of his client, even if he does not manage a fund entrusted to him by the client."). The Sixth, Ninth, and Tenth Circuits have taken a narrower view and have held that an attorney-client relationship, without more, does not constitute a fiduciary relationship for purposes of a defalcation claim. *See Banks v. Gill Dist. Ctr., Inc. (In re Banks)*, 263 F.3d 862, 870–71 (9th Cir. 2001); *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 179 (6th Cir. 1997); *Fowler*

*Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371–72 (10th Cir. 1996). These circuits look to whether money or property was entrusted to the attorney-debtor in the context of a technical or express trust.

While the 11th Circuit does not have clear precedent as to whether an attorney-client relationship is sufficient to establish a fiduciary relationship necessary to prevail on a defalcation claim, the Plaintiff's complaint sufficiently pleads the existence of a fiduciary relationship under either standard. The Defendant claims that the Plaintiff only alleged an attorney-client relationship, but this is not accurate. In addition to this allegation, the Plaintiff also alleged:

> 39.   Alternatively, the Defendant was a fiduciary because a technical trust had been created when the Plaintiff entrusted his case and/or his share of the marital property in his divorce case solely to the Defendant to hold in trust during the pendency of the divorce case.
>
> 40.   Alternatively, the Defendant was a fiduciary because a technical trust was statutorily created by Rule 5 of the Florida Rule of Professional conduct which requires "a lawyer must hold in trust, separate from the lawyer's own property, funds and property of clients or third persons that are in a lawyer's possession in connection with a representation."

Accordingly, regardless of whether the Court favors the broader or narrower reading of a fiduciary relationship, the Plaintiff has sufficiently pled the existence of a fiduciary relationship for either standard. Accordingly, the Defendant's Motion to Dismiss based on failure to plead a fiduciary capacity should be denied.

## CULPABLE STATE OF MIND

Next, the Defendant argues that the "Plaintiff's allegations of legal malpractice are insufficient to rise to the level of defalcation." (MTD, Pg. 4). The Defendant goes on to assert that the "Plaintiff's Amended Complaint fails to allege the requisite state of mind." (MTD, pg.

4). In Support, the Defendant cites *Bullock v. BankChampaign*, N.A., 569 U.S. 267 (2013). Thus, the crux of the Defendant's argument is that the Plaintiff failed to allege culpable state of mind as required in *Bullock*. Again, this is simply not true.

The Plaintiff alleged the following:

> 43. Alternatively, these breaches of rules of professional conduct committed by the Defendant were reckless in that these breaches are a gross deviation from the standard of conduct that a law-abiding citizen as well as a Florida attorney would observe in the Defendant's case. Accordingly, the requisite mental state required by the Supreme Court has been met. *See Bullock v. BankChampaign*, N.A., 133 S. Ct. 1754 (2013).

Thus, the Plaintiff explicitly pled the culpable state of mind required under *Bullock*. The mental state required by Bullock does not set a particularly high bar. Where one has acted recklessly, disregarded a substantial and unjustifiable risk as a fiduciary, or deviated grossly from the standard of conduct of a law-abiding citizen, the standard is met.

Bankruptcy courts have held that this culpable state of mind is satisfied when an attorney handles a case recklessly. For example, in the case of Cora v. Jahrling, 530. B.R. 679 (N.D. Illinois, 2015), the Bankruptcy Court for the Northern District of Illinois held that "[Debtor's] substandard representation of [the Plaintiff] amounted to the level of gross recklessness as contemplated by the Supreme Court in Bullock." The court reasoned that the attorney-debtor's violation of the Illinois Rules of Professional Conduct "was a gross deviation from the standard of conduct that a law-abiding person as well as any Illinois attorney would observe in [Debtor's] situation."

The Debtor challenged this ruling at the District Court and the 7th Circuit. Both affirmed the ruling. The 7th Circuit stated the following:

[Debtor]'s conduct amounted to at least negligence, but as *Bullock* shows, negligence is not sufficient to show defalcation within the meaning of § 523(a)(4). The bankruptcy court's finding of subjective recklessness was a reasonable finding from the circumstantial evidence. In essence, the court found, [Debtor]'s breaches of an attorney's fiduciary duty to his client were so basic and the risk of harm to the client so obvious that [Debtor] must have recognized them and proceeded despite the risk. We find no error in this analysis. *Cora v. Jahrling*, 816 F.3d 921, 926 (7th Cir. 2016).

The Amended Complaint in the instant case alleges in great detail the numerous breaches by the Debtor of the Florida Rules of Professional Conduct and clear instances of recklessness and disregard for obvious risks to the Plaintiff. Taken as true, the complaint provides more than enough detail to evidence gross deviations by the Debtor from the standard of conduct of attorneys in Florida such that the culpable standard of *Bullock* is met. Indeed, the language used by the Plaintiff to plead the recklessness of the Defendant tracks the judgment in *Cora v. Jahrling*.

Accordingly, the Defendant's Motion to Dismiss for failure to plead recklessness in accordance with *Bullock* should be denied.

WHEREFORE, the Plaintiff asks this Court to deny the Defendant's Motion to Dismiss. Alternatively, if the Court grants the Motion, the Defendant asks for the opportunity to amend and correct any deficiencies the Court may find.

/s/ Brantley Oakey, Esq.
Bar No. 99076
The Law Office of Brantley Oakey
780 5th Ave. S, Ste. 200
Naples, FL 34102
239-963-2897
boakey@naplesattorney.biz